UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM BROWN,

                Plaintiff,

v.

BRANDON HORTON,

                Defendant.

Case No. 24-CV-480-JPS

**ORDER**

Plaintiff Willliam Brown ("Plaintiff"), a former inmate, filed a pro se complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated. ECF No. 1. On July 25, 2024, the Court screened Plaintiff's amended complaint and allowed Plaintiff to proceed on the following claim: Eighth Amendment conditions of confinement claim against Defendant Brandon Horton ("Defendant"). ECF No. 11 at 4.

On September 6, 2024, Defendant filed a motion for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies. ECF No. 15. The motion is now fully briefed, ECF Nos. 22, 24, and, for the reasons explained below, the Court will grant Defendant's motion and will dismiss this case without prejudice for Plaintiff's failure to exhaust his administrative remedies.

1. **STANDARD OF REVIEW**

    1.1 **Summary Judgment**

    Federal Rule of Civil Procedure 56 provides that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir.

2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The Court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

### 1.2 Exhaustion of Prisoner Administrative Remedies

The Prison Litigation Reform Act ("PLRA") establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available." 42 U.S.C. § 1997e(a). To do so, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). He must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Id.*; *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). A suit must be dismissed if it was filed before exhaustion was complete, even if exhaustion is achieved before judgment is entered. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). The exhaustion requirement furthers several purposes, including restricting frivolous claims, giving prison officials the opportunity to address situations internally, giving the parties the opportunity to develop the factual record, and reducing the scope of litigation. *Smith v. Zachary*, 255 F.3d 446, 450–51 (7th Cir. 2001). Failure to exhaust administrative remedies is an affirmative defense to be proven by a defendant. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005).

#### 1.2.1 Inmate Complaint Review System

The Wisconsin Department of Corrections (the "DOC") maintains an inmate complaint review system ("ICRS") to provide a forum for

Page 2 of 11
Case 2:24-cv-00480-JPS    Filed 05/29/25    Page 2 of 11    Document 32

administrative complaints. Wis. Admin. Code § DOC 310.04. The ICRS "allow[s] inmates to raise in an orderly fashion issues regarding department policies, rules, living conditions, and employee actions that personally affect the inmate or institution environment, including civil rights claims." *Id.* § DOC 310.01(2)(a). Before commencing a civil action or special proceedings, "inmate[s] shall exhaust all administrative remedies the [DOC] has promulgated by rule." *Id*. § DOC 310.05.

There are two steps an inmate must take to exhaust the available administrative remedies. First, the inmate must file an offender complaint with the Institution Complaint Examiner ("ICE") within fourteen days of the events giving rise to the complaint. *Id.* § DOC 310.07(2). The ICE may reject the complaint or return the complaint to the inmate and allow him or her to correct any issue(s) and re-file within ten days. *See id.* § DOC 310.10(5),(6). If the complaint is rejected, the inmate may appeal the rejection to the appropriate reviewing authority within ten days. *Id.* § DOC 310.10(10).[1] If the complaint is not rejected, the ICE issues a recommendation of either dismissal or affirmance to the reviewing authority. *Id.* § DOC 310.10(9),(12). The reviewing authority ("RA") will affirm or dismiss the complaint, in whole or in part, or return the complaint to the ICE for further investigation. *Id.* § DOC 310.11(2).

Second, if the ICE recommends, and the RA accepts, dismissal of the complaint, the inmate may appeal the decision to the Corrections Complaint Examiner ("CCE") within fourteen days. *Id.* §§ DOC 310.09(1), 310.12. The CCE issues a recommendation to the Secretary of the Department of Corrections, who may accept or reject it. *Id.* §§ DOC 310.12(2), 310.13. The inmate exhausts this administrative process when he

---

[1] The ICRS defines a "reviewing authority" as "a person who is authorized to review and decide an inmate complaint." Wis. Admin. Code § DOC 310.03(15).

or she receives the Secretary's decision. *Id.* § DOC 310.13(2),(3). If the inmate does not receive the Secretary's written decision within ninety days of the date of receipt of the appeal in the CCE's office, the inmate shall consider the administrative remedies to be exhausted. *Id.* § DOC 310.13(4).

## 2. RELEVANT FACTS

Defendant's motion for summary judgment addresses the issue only of whether Plaintiff exhausted his administrative remedies as described in detail above. The Court finds the following facts relevant to the disposition of the issue at hand.

### 2.1 Plaintiff's Allegations

Plaintiff alleges that on February 9, 2024, Defendant placed Plaintiff in a cell that had not been decontaminated from pepper spray. ECF No. 11 at 2. Upon entering the cell, Plaintiff notified Defendant that the cell had not been cleaned. Three day later, on February 12, 2024, Plaintiff was finally offered a shower from Sgt. Miller. *Id.* at 2–3. During the shower, Plaintiff began coughing and was having trouble breathing. *Id.* Plaintiff noticed that his eyes, face, underarms, and genitals started to aggressively burn, and Plaintiff vomited. *Id.* at 3. Mr. Terrell and Mr. Harmon helped Plaintiff after the shower. *Id.* Plaintiff was later seen by Nurse Marson, who informed Plaintiff that he had high blood pressure and was given instructions not to shower for forty-eight hours. *Id.*

### 2.2. Exhaustion Facts[2]

Plaintiff was formerly an inmate in the custody of the Wisconsin Department of Corrections ("DOC") and was incarcerated at Milwaukee

---

[2]Defendant submitted proposed findings of fact. ECF No. 17. Plaintiff failed to respond to the proposed findings of fact. As such, the Court adopts Defendant's proposed findings of fact as undisputed for the purposes of this motion. *See* Fed. R. Civ. P. 56(e)(2).

Secure Detention Facility ("MSDF") at all times relevant to this action.[3] Defendant was employed by MSDF at all times relevant to this action. Plaintiff was allowed to proceed on an Eighth Amendment conditions of confinement claim based on allegations that Defendant was aware that a cell had not been properly decontaminated from OC spray and deliberately placed Plaintiff in the contaminated cell on February 9, 2024.

Plaintiff filed one complaint potentially related to the Eighth Amendment claim on which he was allowed to proceed. On March 1, 2024, Plaintiff submitted inmate complaint No. MSDF-2024-3265. In this complaint, Plaintiff identified his one issue as, "I was exposed to pepper spray and had painful side effects while taking a shower." ECF No. 18-2 at 11. Plaintiff described the details surrounding this complaint as follows:

> On 2-12-24 around 8:00 – 4:00 (not sure time) Sgt. Miller asked if I wanted a shower – I stated yes. After about a minute, I started to cough. At first I didn't think nothing of it until I couldn't control the cough and breath, by this time I'm showering considering the timed shower. After about (2) minutes I pressed the emergency button asking what is in the water, and later asked couldn't he just turn it off. At this point, I can't catch my breath and I vomited, my eyes are burning, armpits and my entire private area. The officer came to my cell stating that it was pepper spray and was coughing as well standing outside my cell door. They later opened my cell door trap so I can get air. They later saying "that someone was sprayed earlier that morning and showered downstairs and that it was in the drains or water system still" Also they said they were calling HSU and then eventually moved me to a different cell giving me fresh bed sheets. Later HSU arrived and I was taken to the on unit HSU room and the nurse (Sasha) took my vitals stating at first my blood pressure was high, and then took it again after a minute later stating it was okay. She provided me protroleum packs (2) and some type

---

[3] Defendant's proposed facts state that Plaintiff is a DOC inmate; however, Plaintiff recently updated his address, and it appears that he is no longer in custody.

> of shampoo with instructions/advise to wait using it because it'll (pepper spray) will reactivate once I shower or wash up again. I waited to shower for two days and was okay. I later wrote Capt. Akerman, Unit manager Whelan and the Security Director – see attachments. Also wrote Capt. Knox – no response as of now and wrote HSU – no response as of now. I feel this was a punishment I absolutely didn't deserve and/but was effected it.

*Id.* at 11, 13.

The ICE investigated the issue and discovered that although the cell had been cleaned out of trash and linens, it had not been decontaminated of all pepper spray from the prior occupant. After the shower water triggered the unfortunate reaction, Plaintiff was treated by the nurse and moved to a new cell with fresh linens. The new Restricted Housing Unit ("RHU") Captain addressed the issue of proper cell cleaning with cleaning staff and security staff. The ICE recommended Plaintiff' complaint be affirmed only in the matter of the cell not being fully decontaminated. On March 25, 2024, Warden Johnson affirmed Plaintiff's complaint.

On April 8, 2024, the CCE's office received Plaintiff's appeal of MSDF-2024-3265, in which Plaintiff argued that his complaint should have been affirmed in whole, not "only in the matter that the cell wasn't decontaminated." *Id.* at 5, 22. On April 18, 2024, the CCE recommended to affirm Plaintiff's appeal, noting the issued had been acknowledged and appropriate staff had been copied for corrective action so future incidents could be avoided. On April 30, 2024, the Office of the Secretary affirmed Plaintiff's appeal per the CCE's recommendation.

Plaintiff did not have any inmate complaints relevant to the claims in this lawsuit returned to him pursuant to Wis. Admin. Code § 310.10(5). Plaintiff filed no further inmate complaints regarding the Eighth Amendment claims on which he was allowed to proceed.

**3.     ANALYSIS**

Defendant requests summary judgment on a single ground: that Plaintiff failed to exhaust his administrative remedies as to the claim in this case before filing the instant lawsuit. Because Plaintiff failed to respond to Defendant's proposed findings of fact, all material facts are undisputed. Defendant acknowledges that Plaintiff filed an inmate complaint, MSDF-2024-3265, in relation to his exposure to pepper spray. Defendant does not argue that this complaint was not properly exhausted. Defendant disputes, however, the legal question of whether MSDF-2024-3265 exhausted the claim against Defendant for an Eighth Amendment conditions of confinement claim for deliberate indifference.

Defendant argues that the issue raised in Plaintiff's inmate complaint was different than the claim he attempts to bring in this case. As such, Defendant argues that the claim against should be dismissed for Plaintiff's failure to exhaust administrative remedies. Plaintiff does not meaningfully engage in the legal issue of whether the claim was properly exhausted. *See* ECF No. 22. Instead, Plaintiff argues that he needs access to video footage of the incident to show on the merits that Defendant was deliberately indifferent to his exposure to pepper spray. *Id.*

One purpose of the exhaustion requirement is to permit prison officials the opportunity to address inmate concerns internally before an inmate initiates litigation. *Woodford v. Ngo,* 548 U.S. 81, 89 (2006); *Schillinger v. Kiley,* 954 F.3d 990, 995 (7th Cir. 2020). Exhaustion "promotes efficiency because a claim can generally be resolved much more quickly in an

administrative proceeding than in litigation in federal court." *Schillinger*, 954 F.3d at 995. To provide notice of the conduct complained of, an inmate's complaint must contain the information required by the prison's administrative rules. *Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002). Where those rules are silent, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Id.* at 650; *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004). An inmate need not state "facts, articulate legal theories, or demand particular relief," nor must he name each potential defendant, so long as the grievance "object[s] intelligibly to some asserted shortcoming." *Strong,* 297 F.3d at 650; *Riccardo*, 375 F.3d at 524. In this way, the approach to interpreting inmate complaints is akin to the federal notice pleading system. *Dye v. Kingston*, 130 F. App'x 52, 55 (7th Cir. 2005). Wisconsin's administrative rules provide little guidance as to the required contents of an inmate complaint; however, those rules do require that offender complaints "[c]ontain only one issue per complaint, and [] clearly identify the issue." Wis. Admin. Code DOC § 310.09(1)(e).

Here, Defendant acknowledges Plaintiff's inmate complaint MDSF-2024-3265 regarding Plaintiff's exposure to pepper spray. ECF No. 16 at 8. Defendant maintains, however, that this inmate complaint failed to provide notice of the Eighth Amendment deliberate indifference claim against Defendant. In assessing this issue, the Court finds it important to look at the specific language used in Plaintiff's inmate complaint. Plaintiff's inmate complaint states as follows in describing the one issue of the complaint: "I was exposed to pepper spray and had painful side effects while taking a shower." ECF No. 18-2 at 11. Further, Plaintiff lists the date of the incident as February 12, 2024. *Id.* In response to the question of details surrounding the complaint, Plaintiff focuses entirely on details related to his pepper spray exposure in the shower and his treatment thereafter. *Id.*

Defendant argues that the claim Plaintiff asserted in this inmate complaint did not put the prison on notice to investigate his claim that Defendant (or any other prison official) was deliberately indifferent by knowingly placing Plaintiff in a cell contaminated with pepper spray on February 9, 2024. ECF No. 16 at 9. The Seventh Circuit's decision in *Schillinger v. Kiley* is instructive on this issue.

In *Schillinger*, the Seventh Circuit found that a state prisoner failed to exhaust all available administrative remedies because the complaint that he submitted to the prison was not specific enough. 954 F.3d at 996. The prisoner sued several prison officials for not protecting him from an attack by another inmate. *Id.* The applicable state law provided that "a prisoner must 'clearly identify the issue' in an inmate complaint," but it did not specify "what it takes to satisfy this requirement." *Id.* at 995. The prisoner's complaint mentioned none of the officials by name, nor did it show that any officials "had reason to know in advance that an attack might occur and failed to take appropriate measures to prevent it." *Id.* The Seventh Circuit therefore concluded that even though the inmate gave a thorough description of the incident, he did not put the prison on notice that he intended to assert a failure-to-protect claim. *Id.*

Applying that logic here, the Court finds that Plaintiff's inmate complaint failed to provide notice to the prison of the claim brought against Defendant in this case. Plaintiff's inmate complaint, MSDF-2024-3265, dealt with the issue of his exposure to pepper spray in the shower on February 12, 2024 —not Defendant (or anyone else) knowingly placing Plaintiff in a contaminated cell on February 9, 2024 and leaving him there for days. The allegations in Plaintiff's complaint in this case relate to Defendant being deliberately indifferent to Plaintiff's exposure to pepper spray—which is not the same issue presented in MSDF-2024-3265. Given this, the Court

finds that MSDF-2024-3265 did not exhaust the claim against Defendant in this case.

The Court is mindful of the fact that inmate complaints need not articulate legal theories or specifically name every individual defendant. *See Strong*, 297 F.3d at 650. The Court does not find, however, that Plaintiff's inmate complaint met the threshold requirement of putting the prison on notice of the claim against Defendant here. The issue is not that the inmate complaint failed to specifically name Defendant, but rather that if failed to articulate the facts of what he allegedly did wrong. Plaintiff's inmate complaint involved the fact that he had been exposed to pepper spray on February 12, 2024—not that Defendant or any other official knew about the cell condition for days and nonetheless failed to act. Plaintiff's inmate complaint did not give prison officials the opportunity to resolve his issue prior to this litigation. As such, the Court finds that Plaintiff failed to exhaust his administrative remedies as to the Eighth Amendment claim against Defendant. The Court will accordingly grant Defendant's motion for summary judgment and dismiss the case without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (finding all exhaustion dismissals should be without prejudice).

## 4. CONCLUSION

For the reasons explained above, the Court will grant Defendant's motion for summary judgment, ECF No. 15, in full. The Court finds that Plaintiff failed to properly exhaust his administrative remedies as to the only claim in this case. The Court will accordingly dismiss this case without prejudice.

Accordingly,

**IT IS ORDERED** that Defendant's motion for summary judgment, ECF No. 15, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** for Plaintiff's failure to exhaust administrative remedies.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of May, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

> This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.